IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY SCHACHT, individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. |
| v. | § § | |
| ARTERIORS TOO, LLC d/b/a ARTERIORS HOME, and MARK MOUSSA, individually | § § § § | Jury Demanded |
| Defendants. | | |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Kimberly Schacht, ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)(discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiff in accordance with the Fair Labor Standards Act in that Defendants misclassified Plaintiff as an exempt employee and in so doing failed to pay Plaintiff at time and one half her regular rate of pay for hours worked in excess of 40. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     PARTIES

3. Plaintiff Kimberly Schacht ("Plaintiff") is an individual who was employed by Defendants within the meaning of the FLSA within the three year period preceding the filing of this complaint. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

4. The Plaintiff and "Class Members" are Defendants' current and former employees who did not supervise any employees (whether known as "managers" or under another titles) but who were improperly misclassified as exempt from the protections of the FLSA until approximately May 2014.

5. Defendant Arteriors too, LLC, who does business as Arteriors Home ("Arteriors Home"), does business in Texas and can be served with process through its registered agent Mark Moussa at 4430 Simonton Rd., Dallas, Texas 75244 or wherever else he may be found.

6. Defendant Mark Moussa is an individual and can be served with process at 4430 Simonton Rd., Dallas, Texas 75244 or wherever else he may be found.

## III.     JURISDICTION AND VENUE

7. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8. Venue is proper in the Northern District of Texas because one or more of the parties resides in this district.

## IV. COVERAGE

9. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

10. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

14. Defendant Arteriors Home is a leading provider of luxury residential and commercial lighting, wall décor, decorative accessories, and furniture. The business operates globally and does more than $500,000.00 in business each year.

15. Defendant Mark Moussa is the founder, owner and operator of Arteriors Home. At all times relevant to this lawsuit, he possessed the power to hire and fire Plaintiff and the Class Members, he devised the improper classification scheme, and enforced this unlawful policy.

16. Plaintiff was employed by Defendants as an Accounts Receivable Manager within the applicable statute of limitations and from approximately 2000 until June 2014.

17. Although, Plaintiff was referred to as a "manager," she did not supervise any of Defendants' employees, performed routine office duties with little to no discretion, and, therefore, was misclassified as an exempt employee.

18. In order to perform her duties, Plaintiff was often required to arrive early, stay late, and work through her regularly scheduled lunch. Because Plaintiff was regularly scheduled to work at least 40 hours in a week, any additional time would have been performed in excess of 40 hours and should have been paid at overtime rates.

19. Defendants did not pay Plaintiff time-and-one-half her regular rate of pay for the hours that she worked over 40 hours per week, even though she routinely worked in excess of 40 hours per week throughout the course of her employment.

20. After receiving complaints from employees, including Class Members, Defendants properly began to treat its non-exempt employees as such in approximately May 2014. Under the new system, Plaintiff and the Class Members were paid on an hourly basis that paid regard to overtime hours and provided overtime pay.

21. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

### VI. COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff and the Class Members and the Class Members were subjected to the same pay provisions and violations in that they were paid on a salary basis and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a work week until they were switched to hourly employees in approximately May 2014. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

23. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying only salary compensation and not paying for time at the rate specified by the FLSA. This policy or practice was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all Class Members.

24. Defendants were aware of their obligation to pay overtime to Plaintiff and the Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

### VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-

half times the regular rates for which they were employed.  Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law

## VIII.   RELIEF SOUGHT

26. WHEREFORE, cause having been shown, Plaintiff pray for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

\_\_\_/s/ *J. Derek Braziel*_____
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325

Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
[www.overtimelawyer.com](www.overtimelawyer.com)

**ATTORNEYS FOR PLAINTIFF**